## SIMERS v. HALPERN.

(Supreme Court, Appellate Term. January 8, 1909.)

1. BILLS AND NOTES (§ 92*)—VALIDITY—CONSIDERATION.

A note given to a trade union as earnest for the maker's observance of an agreement with the union, and negotiated by the union in the absence of a default of the agreement by the maker justifying the negotiation, was not made and delivered without consideration; the consideration at the inception of the note being the conditions assumed in the agreement by the union.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 166; Dec. Dig. § 92.*]

2. APPEAL AND ERROR (§ 1177*)—DISPOSITION OF CAUSE—REVERSAL—NECESSITY FOR NEW TRIAL.

In an action on a note, where the defense was want of consideration, and defendant's evidence, introduced over objection, was that the note was given by him to a trade union as earnest for his observance of an agreement with the union, and that he was not in default of the agreement, so as to justify the union in negotiating the note, which was irrelevant, judgment for defendant will be reversed, and a new trial granted.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1177.*]

3. BILLS AND NOTES (§ 489*) — ACTIONS—DEFENSES—ISSUES, PROOF, AND VARIANCE.

The maker of a note, which was made and delivered to a trade union as earnest for the maker's observance of an agreement with the union, and which was negotiated by it, might defend a suit on the note by an indorsee upon the theory that the union's negotiating was not justified by any default of the agreement by the maker, and was a diversion, and might litigate the equities thus arising upon proof that the indorsee was not a bona fide holder; but he could not do so upon a pleaded defense that the note was made and delivered without consideration, and that the indorsee knew of the absence of consideration and himself parted with no value, since it did not serve to apprise the indorsee that those issues were tendered.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1591, 1594, 1598; Dec. Dig. § 489.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by George W. Simers against Morris J. Halpern. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Gilbert W. Minor, for appellant.
Harry A. Gordon, for respondent.

BISCHOFF, J. To an action by the indorsee of a demand note the maker interposed the defense that the note was made and delivered without consideration, and that the plaintiff knew of the absence of consideration and himself parted with no value. Upon the trial the proof offered by the defendant was to the effect that the note was given by him to a trade union as earnest for his observance of an agreement with the union, and that he was not in default of that agreement in such wise as to have justified the union in negotiating the note. This did not establish the defense pleaded; and, since the judgment appealed from was rendered despite the plaintiff's objection to the reception of evidence not relevant to the issues, there must be a new trial of the cause. Consideration for the note, at its inception, was afforded by the conditions assumed in the agreement on the part of the party to whom it was delivered—that is, the union (Jacobs v. Cohen, 183 N. Y. 207, 76 N. E. 5, 2 L. R. A. [N. S.] 292, 111 Am. St. Rep. 730); and while the defendant might resist the plaintiff's demand upon the theory of a diversion, and litigate the equities thus arising upon proof that the plaintiff was not a bona fide holder (Mitchell v. Baldwin, 88 App. Div. 265, 84 N. Y. Supp. 1043), the defense pleaded did not serve to apprise the plaintiff that these issues were tendered.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.